**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Leon Bell, | No. CV 12-8121-PCT-JAT (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| Yavapai County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Michael Bell filed this civil rights action under 42 U.S.C. § 1983 against Yavapai County Sheriff's Office Sergeant Proffer and Officers Isaacs and Hawkins (Doc. 8). Before the Court is Defendants' Motion to Dismiss (Doc. 15). Plaintiff did not respond to the motion.

The Court will grant the Motion to Dismiss and terminate this action.

**I.     Background**

Plaintiff's claims stem from his confinement at the Yavapai County Jail (Doc. 8). Plaintiff claimed that on January 12, 2012, Defendants failed to protect him from attacks from other inmates (id. at 3).

The Court found that Plaintiff's allegations stated a claim and directed Defendants to respond to the First Amended Complaint.

**II.    Motion to Dismiss**

Defendants move for dismissal on the ground that Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act (PLRA), 42

U.S.C. 1997e(a). In support of their motion, Defendants submit the Yavapai County Jail Handbook; the affidavit of Lieutenant Jason Miner, a Yavapai County Sheriff's Office Grievance Hearing Officer; and two Inmate Handbook release forms reflecting Plaintiff's receipt of the handbook (Doc. 15, Exs. 1-3).

Miner attests that the Yavapai County Jail provides a four-step process to grieve an issue: (1) the inmate must first attempt to resolve an issue informally by completing an Inmate Request Form; (2) if unsuccessful, the inmate may file a formal grievance; (3) if not satisfied with the grievance response, the inmate may file a grievance appeal to the Grievance Hearing Officer, at which time the inmate will receive a hearing; and (4) if unsatisfied with the hearing results, the inmate may appeal to the Jail Commander (Doc. 15, Ex. 1, Handbook ¶ 18). Miner states that he reviewed the jail's grievance files and logs but Plaintiff failed to complete any of the steps of the grievance process regarding his failure-to-protect claim.

Defendants submit that based on this evidence, Plaintiff failed to exhaust his administrative remedies and his claim should therefore be dismissed (Doc. 15 at 4).

The Court issued an Order notifying Plaintiff of his obligation to respond to Defendants' motion (Doc. 16). This Order informed Plaintiff that if the motion is granted, his case could be dismissed (id. at 1). The Order also cited Local Rule of Civil Procedure 7.2(i) in its entirety; this rule provides that a party's failure to respond to a motion may be deemed a consent to the granting of the motion (id. at 2). LRCiv 7.2(i). Plaintiff was given until April 10, 2013 to respond to the Motion to Dismiss (id.).

To date, Plaintiff has not filed a response, and the time for responding has expired.

**III.   Exhaustion**

    **A.   Legal Standard**

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a

1 prisoner must complete the administrative review process in accordance with the applicable
2 rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

3      Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus,
4 the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v.
5 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement
6 in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
7 disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the
8 method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
9 Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

10     **B.**    **Analysis**

11      In his First Amended Complaint, Plaintiff acknowledges that he did not file any
12 grievances for his claim but alleges that he was not aware of the grievance procedure at the
13 jail. It is true that if Plaintiff was unable to file grievance forms or if he was reliably
14 informed that administrative remedies were not available, exhaustion is not required.
15 Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown, 422 F.3d at 935. But in
16 this case, Plaintiff has not shown that the jail's grievance process was unavailable to him.
17 Indeed, in failing to respond to the motion, Plaintiff offers no evidence to dispute that he
18 twice received the jail's handbook, which clearly outlined the grievance process (Doc. 15,
19 Ex. 3). Thus, this case does not present a scenario where Plaintiff could not have availed
20 himself of the grievance procedure. See Woodford, 548 U.S. at 90 (proper exhaustion
21 requires "using all steps that the agency holds out, and doing so properly"). On this record,
22 the Court finds that Defendants have met their burden to demonstrate nonexhaustion, and the
23 Motion to Dismiss will be granted.

24 **IV.**    **Lack of a Response**

25      Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i)
26 to grant Defendants' motion in light of Plaintiff's failure to respond. As stated, Plaintiff was
27 specifically warned of this possibility in an Order from the Court (Doc. 16). Plaintiff was
28 also previously warned that failure to comply with any of the Court's Orders could result in

1  dismissal (Docs. 5, 7, 9).

2  Failure to comply with a district court's local rule is a proper ground for dismissal.
3  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). But before dismissal on this basis, the
4  Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
5  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
6  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
7  sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).
8  If the court does not consider these factors, the record may be reviewed independently on
9  appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

10  Here, the first two factors favor dismissal. "[T]he public's interest in expeditious
11  resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,
12  990 (9th Cir. 1999), and the second factor favors dismissal in most cases. Wanderer v.
13  Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In the instant case, the Court finds that the
14  public's interest in expeditiously resolving this litigation and the Court's interest in managing
15  the docket weigh in favor of dismissal. The third factor also favors dismissal. There is no
16  risk of prejudice to Defendants to grant the motion.

17  Public policy favors disposition of cases on their merits, so the fourth factor weighs
18  against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

19  The final factor requires the Court to consider the availability of less drastic sanctions.
20  Plaintiff was given ample time to respond to the Motion to Dismiss. The Court explicitly
21  warned Plaintiff that failure to respond could result in the granting of the motion (Doc. 16).
22  Plaintiff nonetheless failed to respond or move for an extension. Thus, in weighing this last
23  factor, the Court finds that dismissal the First Amended Complaint without prejudice is an
24  available and less drastic sanction in this case.

25  In sum, the five-factor analysis supports dismissal of this case for failure to respond
26  to the Motion to Dismiss. The Court's decision to grant the motion in these circumstances
27  is further supported by the fact that it is premised upon a local rule that expressly permits the
28  Court to summarily grant unopposed motions. Ghazali, 46 F.3d at 53 ("Only in rare cases

1  will we question the exercise of discretion in connection with the application of local rules"),
2  quoting United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).
3      Defendants' Motion to Dismiss will therefore be granted based on Plaintiff's failure
4  to respond. See LRCiv 7.2(i).
5  **IT IS ORDERED:**
6      (1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to
7  Dismiss (Doc. 15).
8      (2) Defendants' Motion to Dismiss (Doc. 15) is **granted**. This action is dismissed
9  without prejudice for failure to exhaust; in the alternative, it is dismissed without prejudice
10 pursuant to Local Rule of Civil Procedure 7.2(i).
11     DATED this 30th day of April, 2013.

James A. Teilborg
Senior United States District Judge